COMMONWEALTH *vs.* WILLIAM SANCHEZ. September 25, 1981. 1. There was no error in the denial of the motion to suppress the victim's identification testimony. As was conceded at the argument, all the judge's subsidiary findings were warranted by the evidence at the pretrial hearing on the motion; even now there is no serious contention that any of the judge's ultimate findings or conclusions was tainted by constitutional or other error. See *Commonwealth* v. *Moon*, 380 Mass. 751, 755-756 (1980), and cases cited. 2. The dominant theme of the prosecutor's closing argument, when considered as a whole, was that the case should be decided on the facts rather than on supposed sympathies. See and compare *Commonwealth* v. *McColl*, 375 Mass. 316, 323 (1978). In all the circumstances, the judge's instructions that arguments are not evidence and that the personal opinions of counsel are irrelevant were sufficient to counteract any impropriety in the prosecutor's argument. It seems likely that defense counsel shared that view, as he took no step to remind the judge of his earlier promise to give "curative" instructions. See and compare *Commonwealth* v. *Grammo*, 8 Mass. App. Ct. 447, 456-457 (1979). 3. The argument addressed to the alibi instructions is frivolous; the desired instruction was succinctly given at the outset of the judge's further remarks to the jury just before they retired to deliberate.

*Judgments affirmed.*

*Thomas P. McCusker, Jr.*, for the defendant.
*Rikki J. Klieman*, Assistant District Attorney (*Charles J. Hely*, Assistant District Attorney, with her) for the Commonwealth.